```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
JOHN DAVID KRULISKY, on behalf of       :
himself and others similarly situated,  :
                                        :       10 Civ. 8700 (DLC)
                        Plaintiff,      :
                                        :       OPINION AND ORDER
            -v-                         :
                                        :
BRISTOL-MYERS SQUIBB COMPANY,           :
                                        :
                        Defendant.      :
                                        :
----------------------------------------X
```

APPEARANCES

For plaintiff:
Charles Edward Joseph
Daniel Maimon Kirschenbaum
Joseph, Herzfeld, Hester, & Kirschenbaum
233 Broadway, 5th Floor
New York, NY 10017

Richard Jennings Burch
James A. Jones
Bruckner Burch LLP
1415 Louisiana Street
Suite 2125
Houston, TX 77002

For defendant:
Thomas Anton Linthorst
Prashanth Jayachandran
Joseph Alan Nuccio
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178

DENISE COTE, District Judge:

    Plaintiff Jeffrey Bethune filed a complaint initiating this purported collective action under the Federal Labor Standards

Act ("FLSA") on November 18, 2010 against Bristol-Myers Squibb Company ("BMS"). The action is brought for the benefit of BMS territory business managers, associate territory business managers, pharmaceutical representatives and pharmaceutical sales representatives. After several individuals filed consent forms to sue under the FLSA, an amended complaint was filed on April 25, 2011 replacing Jeffrey Bethune with John David Krulisky ("Krulisky") as the named plaintiff. On May 9, BMS filed a motion to transfer this action to the District of New Jersey, or, in the alternative, to the Western District of Washington or the Southern District of Florida, pursuant to 28 U.S.C. § 1404(a). The motion was fully submitted on June 10. For the following reasons, BMS's motion to transfer this action to the District of New Jersey is granted.

DISCUSSION

Section 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts have "broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir.

2006).  The movant bears the burden of establishing, by "clear and convincing evidence," that a transfer of venue is warranted. N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010).

If the transferee court would also have jurisdiction over the case, the court must determine whether, considering the "convenience of parties and witnesses" and the "interest of justice," a transfer is appropriate. In making that determination, a court considers:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

Id. at 112 (citation omitted).  A court may also consider "the forum's familiarity with the governing law" and "trial efficiency and the interest of justice, based on the totality of the circumstances." Berman v. Informix Corp., 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998).

I.   Venue is Appropriate in New Jersey

The plaintiff does not dispute that this action could have been brought in New Jersey.  As discussed below, a substantial part of the events giving rise to the plaintiff's claim took place in New Jersey, and BMS is subject to personal jurisdiction in that District.

II.  Relevant Factors in Considering Transfer to Another
     Appropriate Forum

   A. Convenience of the Parties

   Krulisky is a resident of Florida, and none of the other plaintiffs that have opted in are resident or worked in this District.  Instead, four are residents in the State of Washington, two others are residents of Florida, one is a resident of Maryland and one is a resident of Michigan.  Although BMS maintains its corporate headquarters in New York, the home office and headquarters for its U.S. Pharmaceutical Group ("USP"), the group for which plaintiffs work or worked, is located in Plainsboro, New Jersey.  The Plainsboro office includes the senior executives of USP, and indeed all those involved in sales or supporting sales for USP other than the field sales managers located across the country.  Neither party has argued that the BMS employees relevant to the claims in this action work in the New York office.  Therefore, the Southern District of New York is not a particularly convenient forum for any of the parties, and the District of New Jersey is more convenient for the defendant.

   Although the plaintiff argues that BMS has not shown that New York is <u>significantly</u> more inconvenient than New Jersey, because the test for a transfer of venue is a multi-factor test, this is not a standard that a party seeking a transfer must

4

meet. As BMS points out, if one seeking a transfer must always prove that one district is significantly more inconvenient than the requested forum, it would be rare for a case to be transferred between adjoining districts.

Plaintiff also points out that BMS has initiated suits in the Southern District of New York concerning its pharmaceutical products. This is irrelevant, as the locus of facts, witnesses, and documents for actions regarding BMS's intellectual property in its products or other corporate functions may be centered in New York, and is separate from the issue presented here -- policies regarding and compensation of its USP sales force.

B. Locus of Operative Facts

The plaintiff's claims arise from an alleged failure to pay overtime to him and other people in his and similar positions. The resolution of this issue will require a review of the job duties of the plaintiff and others like him, including as they were set and reviewed by the managers at BMS in its Plainsboro, New Jersey office, as well as the mangers in the field around the country. BMS argues that any relevant compensation decisions also took place in Plainsboro, New Jersey. The plaintiff does not object to this assessment. Therefore, none of the operative facts occurred in the Southern District of New

York, and many of them took place in the District of New Jersey.

### C. Plaintiff's Choice of Forum

Although a plaintiff's choice of forum is ordinarily given substantial weight, that choice is entitled to "less significant consideration in a []putative[] class action than in an individual action." In re Warrick, 70 F.3d 736, 741 n.7 (2d Cir. 1995). This principle has been applied to collective actions under the FLSA. E.g., Amick v. American Exp. Travel Related Services Co., Inc., No. 09 Civ. 9780(AKH), 2010 WL 307579, at *2 (S.D.N.Y. Jan. 26, 2010). Furthermore, a plaintiff's choice of forum is also not accorded much weight where, as here, the plaintiffs' residence and the locus of operative facts are not in the selected forum. See Iragorri v. United Technologies Corp., 274 F.3d 65, 71-72 (2d Cir. 2001) (forum non conveniens analysis); Amick, 2010 WL 307579, at *2 (§1404 analysis).

The plaintiff's argument that his choice of forum should be given greater weight because future possible opt-in plaintiffs may include a large number from the State of New York is unavailing. This argument is based on an assumption that the distribution of USP's sales staff mirrors the distribution of the national population. Even if that were a valid assumption, the plaintiff provides an

estimate for how many potential opt-in plaintiffs would reside in the State of New York, which is, of course, larger than the Southern District of New York. Furthermore, the argument ignores that, thus far, not a single plaintiff from this District has opted in to this case.

      D. Convenience of Witnesses

The likely witnesses are currently or formerly employed by BMS as managers in human resources, compensation, training, and other departments of USP who work and live in the District of New Jersey, or nearby in Pennsylvania.  New Jersey is therefore somewhat more convenient for these witnesses.

Insofar as some of these witnesses are current BMS employees, the inconvenience is mitigated because, as party-employed witnesses, they can be made available by BMS, who can pay for their transport to this District.  But this does not mean, as the plaintiff implies, that this District is equally convenient as the District where those employees live and work. Indeed, the case law cited by plaintiff himself indicates that when party-employed witnesses are located outside a plaintiff's chosen forum, this is a factor that weighs in favor of transfer.

Although the plaintiffs are not alleged to work or live in New Jersey, neither do they live in or near New York.

7

Therefore, the District of New Jersey is no less convenient for the plaintiffs than the Southern District of New York.

   E. Location of Documents and Other Sources of Proof

The majority of the relevant documents in this case are likely to be supplied by BMS, and these are located at its Plainsboro, New Jersey location.  As the cases cited by both plaintiff and BMS indicate, because these documents might be easily transportable, this factor weighs in favor of transfer, but only slightly.

   F. Availability of Process

BMS suggests that some of its witnesses might be former employees that worked at its Plainsboro office and may still live in New Jersey.  This factor weighs in favor of transfer, as the District of New Jersey will be better able to compel their attendance at trial.

   G. Trial Efficiency and the Interests of Justice

BMS claims that the interests of justice favor transfer because jury duty should not be imposed on a community which has no connection to a case; the Southern District of New York has one of the heaviest caseloads in the nation and has no special subject matter specialty in this type of action; and the plaintiff appears to be forum shopping by choosing the Southern District of New York. The plaintiff counters that BMS has not shown that this

District is any more burdened than the District of New Jersey and that BMS is the party that is forum shopping through this motion to transfer.

At this early stage in the litigation, it is hard to assess the impact of the Circuit cases that the parties suggest have caused their opponent to seek a more favorable forum. While this District's docket is large, there is no basis to find that this action cannot be addressed efficiently here. On the other hand, there is no basis to find forum shopping by BMS. The District of New Jersey has the strongest connection to this action. On balance, the interests of justice favor transfer because of New Jersey's connection to the issues that will be litigated in this lawsuit.

H. Other Factors

The parties did not brief other factors typically included in the transfer analysis, such as their relative means and the transferee forum's familiarity with the governing law. Therefore, these factors will be considered neutral.

In sum, this case could properly have been initiated in the District of New Jersey, and all of the factors in the transfer analysis either favor transfer or are neutral. The plaintiff's choice of forum is entitled to very little weight in this

analysis because no plaintiffs are resident in this District and the locus of facts is centered in New Jersey and, to a lesser extent, in the districts around the country where the plaintiff and opt-in plaintiffs worked. BMS therefore was not required to overcome a strong presumption in favor of this District, but still presented clear and convincing evidence in favor of transfer of this action to the District of New Jersey.

CONCLUSION

BMS's May 9, 2011 motion to transfer venue is granted. This action will be transferred to the District of New Jersey.

SO ORDERED:

Dated:   New York, New York
         June 27, 2011

                                   _____
                                            DENISE COTE
                                   United States District Judge